| | |
|---|---|
| BILLY JOE SILCOX, #448790, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  NO. 1:26-cv-00003 |
| | ) |
| F/N/U MOON, et al., | )  JUDGE CAMPBELL |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Billy Joe Silcox, an inmate of the South Central Correctional Facility (SCCF), filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1.) In response to the Court's deficiency order (Doc. No. 5), he has now filed a proper application for leave to proceed in forma pauperis (IFP). (Doc. No. 6.)

This case is before the Court for ruling on Plaintiff's IFP application and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. Because Plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to pay the entire filing fee, the IFP application (Doc. No. 6) is **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1,

2023), and may be paid in installments over time via an assessment against his inmate trust account. 28 U.S.C. § 1915(b)(1)–(2).

Accordingly, Plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint" or

any portion of it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also* 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

## B. Analysis

The Complaint names nine Defendants: "CCA Corp."[1] and SCCF officials Moon, Marrow,

---

[1] Corrections Corporation of America rebranded as CoreCivic, Inc. CoreCivic is the private corrections management firm that operates SCCF. *See* https://www.tn.gov/content/tn/correction/state-prisons/state-prison-list/south-central-correctional-facility.html (last visited July 7, 2026). For purposes of initial review, the Court construes the Complaint's naming of "CCA Corp." as an attempt to name CoreCivic.

Wallace, Prescott, Tyler, Dokes, Ortiez, and Kovach. (Doc. No. 1 at 1, 4.) The following allegations, provided in the "Statement of Your Claim" section of the Complaint form, are the only allegations of the Complaint:

> My first, eighth and fourteenth amendment right has been violated. My first amendment right[s] were violated due to my grievance procedure rights being chilled[.] [M]y eighth amendment right was violated because of myself and my property not being protected. My fourteenth amendment rights were violated for keeping me in an inhumane condition consisting of being in my underwear and with only a sheet and no blanket, mat or clothing while being in segregation rather than being housed in medical where I should have already been per policy and equal protection clause. Also for being retaliated against for using the grievance procedures here at this facility[.]

(*Id.* at 4.)

The rules governing pleading in federal court require that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But that short and plain statement must be supported by "sufficient factual matter, accepted as true," to make the claimed right to relief not just possible, but plausible. *Hill*, 630 F.3d at 470–71. This standard does not require *detailed* factual allegations, but it does require "more than labels[,] conclusions, [or] a formulaic recitation" of the elements of a cause of action. *Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint's factual allegations must be "sufficient to give notice to the defendant as to what claims are alleged," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), and to enable the Court to determine the viability of those claims.

Here, Plaintiff asserts Defendants' liability for various wrongs using mere labels or legal conclusions, without supporting factual allegations. He claims that his pursuit of grievances was "chilled," but does not explain how or by whom. He claims a failure to protect without explaining why protection was needed or what harm was suffered. He claims that he was subjected to

4

inhumane conditions but does not allege the duration of such conditions or the reason (if any) for their imposition. He claims retaliation without specifying the form such retaliation took or any conduct of his that triggered it. And finally, he fails to allege when any of the claimed constitutional violations occurred. In short, the Complaint is devoid of factual material which would enable the Court to analyze its viability under the PLRA.

Although the Court acknowledges that Plaintiff is proceeding pro se, that does not excuse him from complying with Rule 8 or other applicable procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). In its current form, his Complaint is subject to dismissal.

### III. FURTHER PROCEEDINGS

The Court in its discretion may allow Plaintiff to file an amended complaint in order to provide additional factual support for his claims. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding "that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"). The Court will exercise that discretion in this case.

If Plaintiff is to maintain this action, he must file an Amended Complaint that cures the deficiencies in his original pleading, identified above. The Clerk of Court is **DIRECTED** to mail Plaintiff a form for filing a civil rights complaint (Pro Se Form 14). To proceed with his lawsuit, Plaintiff **MUST** use the form to file an Amended Complaint that provides factual allegations concerning when, where, why, how, and by whom he was harmed. If necessary to supply such information, Plaintiff may attach additional pages to the form.

5

Plaintiff **MUST** return his Amended Complaint to the Clerk of Court within **30 DAYS** of the date this Order is entered on the docket and must designate it for filing in **Case No. 1:26-cv-00003**. The address for filing in person or by mail is: Clerk of Court, U.S. District Court, Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

Plaintiff is cautioned that failure to file an Amended Complaint within 30 days (or to seek an extension of this deadline before it expires), or failure to keep the Court apprised of his current address, will result in the dismissal of this case for failure to prosecute and failure to comply with the Court's order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

6