**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE COLUMBIA DIVISION**

| | | |
|---|---|---|
| **BILLY JOE SILCOX, #448790,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:26-cv-00003** |
| | ) | |
| **F/N/U MOON, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Billy Joe Silcox, an inmate of the South Central Correctional Facility (SCCF), filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1.) On July 7, 2026, the Court granted Plaintiff's application for pauper status and screened his Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2), 1915A. (Doc. No. 7.) The Court found that the Complaint failed to contain sufficient factual allegations to satisfy federal pleading standards; however, Plaintiff was permitted to amend his Complaint to provide "additional factual support for his claims." (*Id.* at 5.) On August 7, 2026, Plaintiff filed his Amended Complaint. (Doc. No. 8.) The Amended Complaint is now before the Court for initial review.

## I. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint" or any portion of it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also* 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under

28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Amended Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted).

**B. Analysis**

The original Complaint named nine Defendants, including the corporate operator of SCCF and eight SCCF officials: Moon, Marrow, Wallace, Prescott, Tyler, Dokes, Ortiez, and Kovach. (Doc. No. 1 at 1, 4.) The Amended Complaint names six Defendants, all individuals: Marrow, Wallace, Prescott, Tyler, Dokes, and Ortiez. (Doc. No. 8 at 1.) Officers Moon and Kovach were left off the Amended Complaint's list of named Defendants.

The Amended Complaint's factual allegations are these: (1) on October 9, 2025, between 9:00 and 9:30 a.m., Defendant Wallace denied Plaintiff access to the legal library in violation of Tennessee Department of Correction (TDOC) policy; (2) on October 21, 2025, non-defendant Officers Carroll, Lewis, and Van Dyke violated TDOC policy by preventing Plaintiff from attending a religious service because "food was being served in the prison cafeteria"; (3) on May 7, 2026 (nearly four months after this lawsuit was originally filed), non-defendant Chaplain Kovach informed Plaintiff that he could no longer order "spell oils" from Azure Green, but must

direct future orders to Union Supply, which Plaintiff alleges does not carry "supplies related to [his] religion"; and, (4) on November 7, 2025, Plaintiff was confined in segregation by non-defendant Officer Titus without being given a mat to sleep on, and with only a sheet, socks, and underwear for cover. (Doc. No. 8 at 2.)

The Amended Complaint's claims based on being denied access to the legal library on one occasion for half an hour, being prevented from attending one religious service, and being held in segregation without a mat on one night, are not viable claims under the First and Fourteenth Amendments. The harms alleged are simply *de minimis* and therefore not actionable. *See Goins v. O'Donnell*, No. 1:24 CV 529, 2024 WL 2832783, at *2 (N.D. Ohio June 4, 2024) ("Plaintiff alleges only that he was not permitted to attend one Jummah service. This action, alone, is not sufficient to state a claim for violation of the First Amendment."); *Wilkins v. Bragg*, No. 1:23-CV-00022, 2023 WL 6224628, at *3 (M.D. Tenn. Sept. 25, 2023) (dismissing as *de minimis* claims involving "isolated incidents … [which] do not rise to the level of a constitutional violation," including incidents when inmate "was denied access to the library late at night on one occasion when he sought to pray there, and then was put in isolation for a period of hours the following day"). Nor does the fact that the allegedly unlawful action was taken in violation of TDOC policy support any viable constitutional claim. *See Washington v. Tennessee*, No. 1:24-CV-146, 2024 WL 1608176, at *4 (E.D. Tenn. Apr. 12, 2024) (dismissing inmate's claims based on violations of TDOC policy because "failure to follow institutional policy is not a constitutional violation") (citing *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007)).

That leaves Plaintiff's First Amendment claim that, on May 7, 2026, he was informed that he could no longer order religious oils from the vendor he had been patronizing but must use a different vendor (Union Supply) which, according to Plaintiff, "does not carry [his] religious

supplies." (Doc. No. 8 at 2–3.) As relief, Plaintiff asks for an order that SCCF "speak with [U]nion [S]upply to get more items for the pagan service or allow us to order from approved vendor." (*Id.* at 3.) This claim of the Amended Complaint does not arise out of the same "conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading," Fed. R. Civ. P. 15(c)(1)(B); the original Complaint did not claim any deprivation of religious rights. Accordingly, this claim is properly raised in a supplemental complaint rather than an amended complaint. Fed. R. Civ. P. 15(d). But even if this First Amendment claim were properly within the scope of the amendment invited in the Court's July 7 Order, and even if it was asserted against a named defendant, it is not supported by adequate facts to render a right to relief plausible. In this context, there must be factual allegations supporting an inference that Plaintiff's "sincerely-held religious beliefs" were "substantially burdened." *Goins v. O'Donnell*, No. 1:24 CV 529, 2024 WL 2832783, at *2 (N.D. Ohio June 4, 2024) (citations omitted). The Amended Complaint does not even identify Plaintiff's religion, much less allege salient facts about that religion's requirements (or what Plaintiff believes is required), such as whether spell oils *must* be used in its exercise, and, if so, what type of oil must be used and how often it is to be used. This First Amendment claim will therefore not be allowed to proceed.

## II. CONCLUSION

For the reasons discussed above, the Amended Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to Plaintiff's ability to file a new lawsuit asserting his First Amendment claim for injunctive relief related to denial of prayer oils, if appropriate.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment under Fed. R. Civ. P. 58(b)(1) and close the file.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE